

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM B. CUMMINGS** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | |
| | : | |
| **HARRY WILSON, ET AL.** | : | **NO. 07-5487** |

**ORDER**

FILED
APR 0 4 2008
MICH... Clerk
By____Dep. Clerk

AND NOW, this 3rd day of April, 2008, upon consideration of William B. Cummings's petition for habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1), the amendments filed thereto (Docket Nos. 5, 7), the Defendants' Answer (Docket No. 8), the Report and Recommendation filed by the Honorable Elizabeth T. Hey, U.S. Magistrate Judge (Docket No. 10), and Petitioner's Objections to the Report and Recommendation (Docket No. 15), **IT IS ORDERED** that:

1. The Report and Recommendation (Docket No. 10) is **APPROVED** and **ADOPTED**.

2. Mr. Mr. Cummings's Objections (Docket No. 15) are **OVERRULED**.[1]

---

[1] Magistrate Judge Hey recommended that the Court deny without prejudice Mr. Cummings's habeas Petition because he has not yet exhausted the post-conviction remedies available to him in state court. Specifically, Magistrate Judge Hey noted that in January 2007 Mr. Cummings filed a direct appeal in Pennsylvania Superior Court, which is currently pending. Magistrate Judge Hey concluded that the requisite "unusual circumstances" are not present here that would warrant a federal court's consideration of Mr. Cummings's unexhausted claims. The Court agrees, and, accordingly, approves Magistrate Judge Hey's Report and Recommendation, and denies Mr. Cummings's federal habeas Petition without prejudice.

Mr. Cummings filed "objections" to Magistrate Judge Hey's Report and Recommendation. Thus, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). In his "objections," Mr. Cummings argues that he is a sovereign state and, as such, the Commonwealth of Pennsylvania, itself a sovereign state, does not have jurisdiction over his case. He argues that the federal courts have exclusive jurisdiction over his claims and, therefore, "it is literally impossible to exhaust state remedies." (Objections

3. Mr. Cummings's Petition (Docket No. 1) is **DISMISSED** without prejudice.

4. There is <u>no</u> probable cause to issue a certificate of appealability.[2]

5. The additional motions filed by Mr. Cummings in this matter, Docket Nos. 9, and 12-14, are **DENIED**.[3]

6. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

/s/ Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

---

at 2.) Mr. Cummings's "objections" are nonsensical, largely incoherent and frivolous. Accordingly, they will be overruled.

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000); Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004). There is no probable cause to issue a certificate of appealability in this action.

[3] Mr. Cummings has filed a motion for summary judgment, in which he seeks to have his habeas petition granted as a matter of law (Docket No. 9), a demand for jury trial (Docket No. 12), a motion to demand the Court to read all of his pleadings and filings (Docket No. 13), and a motion to claim and exercise his constitutional rights (Docket No. 14). None of these motions, all of which are frivolous, request relief that is appropriate in habeas corpus proceedings. Accordingly, they are denied.